.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


James T. Dixon,                                              Case No. 3:17-cv-179

        Plaintiff

    v.                                                          MEMORANDUM OPINION


Corrections Officer Leu, et al.,

        Defendants


## I. Brief Background

This case involves an altercation at the Lucas County Jail on November 23, 2016, between Plaintiff James T. Dixon, an inmate at that time, and several employees of the Lucas County Sheriff's Department. Those employees include Correction Officers Leu, Momenee, and Arp, Sgt. Mysinger, and Lt. Brownridge.

In his statement of claim, the *pro se* Plaintiff alleges the following:

On 11-23-16[,] I J. Dixon was on the 6th floor of the Toledo County Jail. I was in my cell 1# and I told an Inmate to get the C/O Arp[.] So when the C/O came he got mad[.] I told him let me get by 4hr out for 2nd Shift[.] I can only come out the cell 8hr a day do to me comeing to State Jail[.] So C/O Arp open[e]d the door to the unit and Said I don[']t If I[']m late[.] I will still lock down at 11:00 pm[.] So I told him I want my time[.] So we was haveing a verbal event. So the other C/Os heard C/O Leu and C/O Momenee came[.] So as things was going on C/O Leu told me to lock down [.] at first I did not[.] the C/O Leu push[ed] me So that[']s when I went in my cell[.] So as I was standing at the door C/O Leu Began to say how he will Beat my ass[.] So when he was talkin[g] he was spit[t]ing on me [and] he punched me In my face. Then the other too C/Os was punching me In my head and face. I spoke to the Sgt [M]ysinger about C/O Arp and Leu But he only smiled and told me to le[a]ve it Be[.] Befour this happen on 11-23-16[,] he fail to Intervene[.] I was took to the ER off Campes for my face[.] So when I told Lt Brownridge about the video[,] he played like it showed nothing and after this C/O

> Leu was still saying things[.] I did speak to Lt Brownridge and he fail[ed] to do a thing.

(Doc. No. 1 at pp. 3-4).

Based upon these allegations, Plaintiff's claims include: (1) a failure to intervene against Defendants Mysinger and Momenee; and (2) excessive use of force against Defendants Leu, Arp, and Momenee. In his civil cover sheet, submitted after his complaint was filed, Plaintiff indicated the nature of the action to be a federal question and falling under 42 U.S.C. § 1983, as violations of his civil rights. (Doc. No. 3).

This matter is before me on the Defendants' unopposed motion for summary judgment. For the reasons stated below, the Defendants' motion is well taken.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the movant demonstrates there is no genuine dispute of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All evidence must be viewed in the light most favorable to the nonmovant, *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008), and all reasonable inferences are drawn in the nonmovant's favor. *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 535 (6th Cir. 2014). A factual dispute is genuine if a reasonable jury could resolve the dispute and return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A disputed fact is material only if its resolution might affect the outcome of the case under the governing substantive law. *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013).

## III. ANALYSIS

1. Subject Matter Jurisdiction

Under the general federal question jurisdiction statute, federal district courts have original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States."

2

28 U.S.C. § 1331. As correctly noted by Defendants, the deprivation of rights, privileges, or immunities secured by the Constitution and federal law is actionable under 42 U.S.C. § 1983.

While the complaint does not expressly invoke a violation of his Constitutional rights, I agree with the Defendants that the complaint could be construed to allege an assault, a battery, or both. As a convicted prisoner, the Plaintiff may bring an excessive force claim under the Eighth Amendment. *See Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989).

The question before me is whether the pleadings have sufficiently stated a viable federal cause of action. I find the Plaintiff has met this standard.

On the issue of *pro se* pleadings, the United States Supreme Court has noted, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In applying that more lenient standard to these pleadings and in consideration of the civil cover sheet which notes the cause of action as "1983 Civil Rights," the appropriate civil statute, I find Plaintiff has meet the pleading threshold.

Accordingly, I find this Court to have subject matter jurisdiction. Having made that determination, I now turn to Defendants' argument on the merits.

2. Excessive Force Claim

Even if subject matter jurisdiction is found to exist, the Defendants argue they are entitled to summary judgment on the excessive force claim under the Eighth Amendment. I agree.

The Eighth Amendment prohibits any punishment which violates civilized standards of humanity and decency or involves the unnecessary and wanton infliction of pain. *Ingraham v. Wright*, 430 U.S. 651, 670, (1977). Where a convicted prisoner asserts a claim of excessive force, the Eighth Amendment serves as the exclusive source of protection for the prisoner. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). The same protection is available to pretrial detainees under the Fourteenth Amendment. *Id.* at 327.

In an excessive force claim, the court must determine whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992), citing *Whitley*, 475 U.S. at 320-21. In determining the good faith of the defendant officer, considerations include reasons or motivation for the conduct, the type and excessiveness of the force used, and the extent of the inflicted injury. *Whitley*, 475 U.S. at 320-22.

A claim under the Eighth Amendment requires both an objective and a subjective component. *Wilson v. Seiter,* 501 U.S. 294, 298, (1991). The objective component requires a finding that the deprivation alleged be "sufficiently serious." *Farmer v. Brennan,* 511 U.S. 825, 834, (1994). The subjective component requires that prison officials acted with deliberate indifference to the prisoner's serious needs. *Id.* It is important to note that "an excessive-force claimant must show something more than *de minimus* force." *Leary v. Livingston County*, 528 F.3d 438, 443 (6th Cir. 2008) (citations omitted).

In their uncontested statement of facts, Defendants contend Plaintiff was an inmate at the Toledo Correctional Institute serving a nearly 17 year sentence for a 2010 conviction on aggravated robbery with a gun specification, a first degree felony. While at TCI, Plaintiff was involved in a serious disturbance and was charged with aggravated rioting. Subsequent to these charges, he was transferred to the Lucas County Correctional Center and continued to exhibit disruptive behavior. As a result, Plaintiff was placed in isolation and his access to female correction officers, to whom he directed threats and lewd comments, was restricted. (Doc. No. 14-1). Some of Plaintiff's behaviors included spitting at correction officers, threatening them, disobeying instructions, and threatening to rape and murder a female corrections officer.

The investigation into the November 23, 2016, incident included review of a video, incident reports and officer statements. (Doc. No. 17-1 at pp. 33-35). Following this incident, Plaintiff was treated at a local hospital for a laceration to the inside of his upper lip. (Doc. No. 14-1, p. 17).

Corrections Officer Leu was also transported to the same local hospital for treatment as during the altercation the Plaintiff spit at him on his face. (*Id.* at p. 20). Both individuals were treated and released.

Having reviewed Defendants' submissions in support of their motion, I cannot find the Defendants' conduct rose to the level of a constitutional violation. Due to his aggressive behavior, the Plaintiff was deemed a security risk and subject to an Administrative Restriction Order. (Doc. No. 14-1 at p. 11). The Defendants agree they took action to restrain him but that it was in response to the Plaintiff's failure to obey direct orders, becoming argumentative and aggressive with the officers. (*Id.* at pp. 19-20). Plaintiff does not dispute he was engaged in disruptive and aggressive behavior towards the officers. While Plaintiff was injured, that injury does not rise to the level of a Constitutional violation. *See Lockett v. Suardini*, 526 F.3d 866, 875-76 (6th Cir. 2008) (affirming summary judgment on excessive force claim where prisoner was insolent to a prison hearing officer and had to be removed from the room; prison guards did not use excessive force when they attempted but failed to push him down the steps, choke him, while bending back his fingers when he threatened them and bit one officer).

As I find the Defendants are entitled to summary judgment on the excessive force claim, his claim of failure to intervene which is dependent on the excessive force claim, is also without merit.

### IV. CONCLUSION

Having carefully reviewed the record, including Plaintiff's pleadings and giving due consideration to the arguments presented by the Defendants, I find the motion for summary judgment (Doc. No. 14) is granted. In addition, the Plaintiff's motion for appointment of counsel (Doc. No. 4) is denied as moot.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge